CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 0 2 2016

JULIA C. DUDLEY, CLERK
BY: H McDonaSo
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| WALTER DELANEY BOOKER, JR., | ) | Civil Action No. 7:16-cv-00084 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| M.E. ENGELKE, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Walter Delaney Booker, Jr., a Virginia inmate proceeding pro se, filed a motion for a

preliminary injunction. Plaintiff asks me to order Virginia prison officials to give him twenty

minutes to eat his prison meals instead of four to eight minutes; to conform the Virginia

Department of Corrections' ("VDOC") Common Fare[1] meals to his dietary preferences for

particular foods; and to give Plaintiff Common Fare meals after staff temporarily removed him

from that program after determining he took a non-Common Fare, "Thanksgiving holiday" meal

tray.

A preliminary injunction is an "extraordinary and drastic remedy." Munaf v. Geren, 553

U.S. 674, 689-90 (2008). A movant must establish four elements before a preliminary injunction

may issue: 1) he is likely to succeed on the merits; 2) he is likely to suffer irreparable harm in the

absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is

in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff fails to establish that he is likely to succeed on the merits about wanting sixteen

more minutes to eat his food, conforming the Common Fare program to his personal preferences,

and being temporarily removed from Common Fare after being held responsible for taking a

non-Common Fare meal. Furthermore, Plaintiff has not yet satisfied the filing fee requirements

---

[1] Common Fare is the VDOC's uniform menu to accommodate inmates' various religious dietary beliefs at
numerous VDOC facilities.

of 28 U.S.C. §§ 1914 and 1915, and he admits that he had not exhausted administrative remedies for all of his claims before commencing this action. See, e.g., Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003). Plaintiff further fails to establish how an order requiring the VDOC to overhaul its Common Fare program at this early stage of litigation furthers the public's interest when that interest is served by deferring to correctional officials about the appropriateness of rationing limited resources. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating an institution in a manageable fashion are considerations peculiarly within the province and professional expertise of corrections officials).

Based on Plaintiff's allegations and the present status of the case, Plaintiff fails to establish that the balance of equities tips in his favor. Defendants have not yet responded to the complaint, and overhauling the Common Fare program at this juncture would be unduly burdensome on correctional officials. Accordingly, Plaintiff fails to satisfy the elements for a preliminary injunction, and I deny his request.

**ENTER**: This 2nd day of March, 2016.

Senior United States District Judge

2